E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
LISA J. LINDHORST(Cal. Bar No. 305399)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6772
     Facsimile: (213) 894-0141
     E-mail: Lisa.Lindhorst@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:23-cr-00031-FWS |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| EMMA JOSEPH, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.  Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

  ☐ a.  present offense committed while defendant was on release pending (felony trial),

  ☐ b.  defendant is an alien not lawfully admitted for permanent residence; and

1     ☐   c.   defendant may flee; or
2     ☐   d.   pose a danger to another or the community.
3     ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no
4          condition or combination of conditions will reasonably
5          assure:
6     ☒   a.   the appearance of the defendant as required;
7     ☒   b.   safety of any other person and the community.
8     ☐   3.   Detention Requested Pending Supervised Release/Probation
9          Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
10         § 3143(a)):
11    ☐   a.   defendant cannot establish by clear and convincing
12              evidence that he/she will not pose a danger to any
13              other person or to the community;
14    ☐   b.   defendant cannot establish by clear and convincing
15              evidence that he/she will not flee.
16    ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.
17         § 3142(e)):
18    ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
19              (46 U.S.C. App. 1901 et seq.) offense with 10-year or
20              greater maximum penalty (presumption of danger to
21              community and flight risk);
22    ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
23              2332b(g)(5)(B) with 10-year or greater maximum penalty
24              (presumption of danger to community and flight risk);
25    ☐   c.   offense involving a minor victim under 18 U.S.C.
26              §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
27              2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
28

2

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 2   |     |     | to community and flight risk); |
| 3   | ☐   | d.  | defendant currently charged with an offense described |
| 4   |     |     | in paragraph 5a - 5e below, <u>AND</u> defendant was |
| 5   |     |     | previously convicted of an offense described in |
| 6   |     |     | paragraph 5a - 5e below (whether Federal or |
| 7   |     |     | State/local), <u>AND</u> that previous offense was committed |
| 8   |     |     | while defendant was on release pending trial, <u>AND</u> the |
| 9   |     |     | current offense was committed within five years of |
| 10  |     |     | conviction or release from prison on the above- |
| 11  |     |     | described previous conviction (presumption of danger to |
| 12  |     |     | community). |
| 13  | ☒   | 5.  | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 14  |     |     | If the Case Involves: |
| 15  | ☐   | a.  | a crime of violence (as defined in 18 U.S.C. |
| 16  |     |     | § 3156(a)(4)) or Federal crime of terrorism (as defined |
| 17  |     |     | in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum |
| 18  |     |     | sentence is 10 years' imprisonment or more; |
| 19  | ☐   | b.  | an offense for which maximum sentence is life |
| 20  |     |     | imprisonment or death; |
| 21  | ☐   | c.  | Title 21 or MDLEA offense for which maximum sentence is |
| 22  |     |     | 10 years' imprisonment or more; |
| 23  | ☐   | d.  | any felony if defendant has two or more convictions for |
| 24  |     |     | a crime set forth in a-c above or for an offense under |
| 25  |     |     | state or local law that would qualify under a, b, or c |
| 26  |     |     | if federal jurisdiction were present, or a combination |
| 27  |     |     | or such offenses; |
| 28  |     |     |     |

3

|   |   |    |    |
|---|---|----|----|
| 1 | ☐ | e. | any felony not otherwise a crime of violence that |
| 2 |   |    | involves a minor victim or the possession or use of a |
| 3 |   |    | firearm or destructive device (as defined in 18 U.S.C. |
| 4 |   |    | § 921), or any other dangerous weapon, or involves a |
| 5 |   |    | failure to register under 18 U.S.C. § 2250; |
| 6 | ☒ | f. | serious risk defendant will flee; |
| 7 | ☐ | g. | serious risk defendant will (obstruct or attempt to |
| 8 |   |    | obstruct justice) or (threaten, injure, or intimidate |
| 9 |   |    | prospective witness or juror, or attempt to do so). |

10  ☐  6.  Government requests continuance of _____ days for detention
11         hearing under § 3142(f) and based upon the following
12         reason(s):

13
14  _____
15  _____
16  _____
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

4

☐   7.   Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: April 22, 2024            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


 /s/ Lisa J. Lindhorst
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA